# RULES
# OF THE
# MUSKEGON COUNTY
# BOARD OF COMMISSIONERS

# MUSKEGON, MI



Adopted January 3, 2013

Revised June 11, 2013

Revised July 12, 2016

TABLE OF CONTENTS

MISSION STATEMENT - Page 5
DEFINITIONS SECTION - Page 6

| RULE NO. | SECTION NO. | TOPIC | PAGE NO. |
|---|---|---|---|
| I | | SESSIONS AND MEETINGS | 7 |
| | 1 | Place of Meeting | 7 |
| | 2 | Time of Meeting | 7 |
| | 3 | Organizational Meeting | 7 |
| | 4 | Annual Session | 8 |
| | 5 | Special Sessions & Meetings | 8 |
| | 6 | Regular Meetings | 8 |
| | 7 | Open Meetings Act | 9 |
| | 8 | Closed Sessions | 9 |
| | 9 | Purpose for Closed Sessions | 9 |
| | 10 | Notice of Meetings | 10 |
| | 11 | Public Hearings | 11 |
| | 12 | Strategic Planning | 11 |
| | 13 | Cancellation of Meeting Due to Inclement Weather | 11 |
| II | | BOARD OFFICERS | 13 |
| | 1 | Chairperson | 13 |
| | 2 | Vice-Chairperson Duties | 13 |
| III | | ORDER OF BUSINESS | 14 |
| IV | | MANNER OF VOTING & MAJORITY REQUIRED | 15 |
| | 1 | Roll Call Vote | 15 |
| | 2 | Majority Vote | 15 |

| | 3 | Procedure for Taking a Roll Call Vote | 15 |
|---|---|---|---|
| V | | CLOSE DEBATE (PREVIOUS QUESTION) | 16 |
| VI | | RIGHTS AND DUTIES OF MEMBERS - Sections 1- 8 | 17 |
| VII | | MOTIONS AND RESOLUTIONS - Sections 1-3 | 18 |
| VIII | | PRIVILEGED CLASS OF MOTION Sections 1-2 | 19 |
| IX | | RECONSIDERATION: MOTION TO RESCIND OR AMEND - Sections 1-2 | 20 |
| X | | DIVISION OF QUESTION | 21 |
| XI | | APPEAL DECISION OF CHAIR | 22 |
| XII | | CONFLICT OF INTEREST | 23 |
| | 1 | Questions | 23 |
| | 2 | Exceptions | 23 |
| XIII | | ROBERT'S RULES OF ORDER | 24 |
| XIV | | COMMITTEES | 25 |
| | 1 | Standing Committees | 25 |
| | 2 | Special Committees | 25 |
| | 3 | Committee Procedure | 25 |
| | 4 | Board Liaison Appointments | 27 |
| | 5 | Ad Hoc Committees | 27 |
| XV | | DEPARTMENTS | 28 |
| | 1 | Duties | 28 |
| | 2 | HealthWest,  Brookhaven, Public Works, Wastewater Management | 28 |
| | 3 | Emergency Services | 28 |
| | 4 | Departments | 28 |

|       |                      | Directors | 29 |
|-------|----------------------|-----------|----|
|       | 5                    | Directors | 29 |
|       | 6                    | Discipline & Removal | 29 |
| XVI   |                      | AMENDMENTS TO MUSKEGON COUNTY BOARD RULES | 36 |
| XVII  |                      | AGENDA | 37 |
| XVIII | (Revised 06/28/16)   | GOVERNING CLAIMS FOR PERSONAL EXPENSES INCURRED IN THE OFFICIAL CONDUCT OF COUNTY BUSINESS | 38 |
|       | 1                    | Payment/Reimbursement of County Business Expenses | 38 |
|       | 2                    | Rules & Regulations | 39 |
|       | 3                    | Reimbursement | 41 |
|       | 4                    | Travel Advance | 42 |
|       | 5                    | Travel Expense Vouchers | 42 |
|       | 6                    | Conferences | 42 |
| XIX   |                      | COUNTY ADMINISTRATOR | 44 |
|       | 1                    | Appointment | 44 |
|       | 2                    | Powers & Duties | 44 |
|       | 3                    | Review & Evaluation | 45 |
|       | 4                    | Termination | 45 |
| XX    |                      | CORPORATE COUNSEL | 46 |
|       | 1                    | Appointment | 46 |
|       | 2                    | Powers & Duties | 46 |
|       | 3                    | Termination | 46 |
| XXI   |                      | POLITICAL ACTIVITY | 47 |
|       |                      | STATEMENT OF POLICY | 48 |

MUSKEGON COUNTY

MISSION STATEMENT

Muskegon County government serves the community interests of its citizens through the process of representation and proactive local government.  The county delivers its many services with fiscal responsibility and appreciation of the community's rich diversity, while protecting its environmental resources and promoting the quality of life. Muskegon County government strives to maintain the highest standard of conduct, service and collaboration in its county-wide leadership role.

DEFINITIONS SECTION

A.   "Ad Hoc Committee" shall mean a committee that is not a standing committee or special committee, and as further described in Rule XVI, Section 4.

B.   "Annual Meeting" shall mean the meeting held after September 14th but before October 16th, and as set forth in Rule I, Section 4.

C.   "Board" shall mean the Muskegon County Board of Commissioners.

D.   "Closed Session" shall mean that part in a meeting that is not open to the public, the purpose of which is permitted under the Open Meetings Act, and more specifically described in Rule I, Sections 8 and 9.

E.   "Majority Vote" and "Simple Majority" shall mean more than 50% of the members present, unless it is specifically stated that members elected and serving shall be required.

F.   "Organizational Meeting" shall mean the first meeting of the calendar year, and as further described in Rule I, Section 3.

G.   "Special Committee" shall mean a committee established by the Chairperson and Board of Commissioners for a specific purpose and limited length of time, as set forth in Rule XIV, Section 2.

H.   "Special Meeting" shall mean a meeting that is not a previously scheduled meeting of the Commission or Committee, but is called according to Rule I, Section 5.

I.   "Standing Committee" shall mean a committee of the County Board of Commission as established in Rule XIV, Section 3, and as may be added or changed by the Board at a later date.  References to committee, except in Rule XIV, Sections 2 and 4, and as expressly stated otherwise, shall mean Standing Committee.

J.   "Quorum" A majority of the commissioners elected and serving shall constitute a quorum for the transaction business of the county, provided that any number may adjourn from day-to-day.

RULES OF THE
MUSKEGON COUNTY BOARD OF COMMISSIONERS

# RULE 1 - SESSIONS AND MEETINGS

## Section 1 - Place of Meeting

All sessions and meetings of the Board of Commissioners shall be held in the Commissioner Chambers at the Hall of Justice or at such other place open to the public as the Board shall determine, provided advance notice is given as required by law.

## Section 2 - Time of Meeting

All regular meetings of the Board of Commissioners shall be called at 4:00 PM.  For any special meeting, the day and hour of assembling shall be stated in the call for such meeting.

## Section 3 - Organizational Meeting

The Board of Commissioners shall convene and hold its first meeting at 4:00 PM on the second business day after January 1 of each year in the Commission Chambers of the Hall of Justice. This meeting shall be known as the organizational meeting and the County Clerk shall preside.  The Board shall transact such business at such meeting as shall be provided by these rules and the Constitution and statutes of the State of Michigan according to the following agenda:

1.   The County Clerk, or designee as provided by law, shall administer the oath of office to the commissioners, if the oath has not been previously administered.
2.   These rules shall then be adopted by resolution.
3.   The election of the chairperson shall take place in accordance with the following procedure:
   a.   the clerk shall call for nominations for the office of chairperson and when nominations are closed by vote of the majority or only when one person is nominated.  The clerk shall take the vote of the commissioners for office of chairperson by roll call or secret ballot if requested by one of those nominated.  When one nominee receives a majority of the votes of the members elected and serving, that nominee shall be the chairperson.
   b.   The newly elected chairperson shall assume the chair and proceed with the election to the office of vice-chairperson, following the procedure set forth in Section 3.3(a) above.  The selection of vice-chairperson shall be by voice vote or roll call vote.

Section 4 - Annual Session

The commissioners of this county shall meet annually for the transaction of business as a county board of commissioners and for the purpose of reviewing the budget.  The County Board of Commissioners may also hold special meetings, when necessary, at the times and places it finds convenient, and may adjourn from time to time as it considers necessary.  The annual meeting of the County Board of Commissioners shall be held each year after September 14, but before October 16.  When the term, October session, or other term used to designate the annual meeting, is used, it shall be construed to mean the annual meeting required by this section.  The annual meeting of the County Board of Commissioners shall be held at a place in the county which the County Clerk appoints with approval of the County Board of Commissioners, or at the place where regular meetings of the County Board of Commissioners are held.  (MCL 46.1, Section 1. (1).)

Section 5 - Special Sessions and Meetings

Special meetings of the Board of Commissioners shall be held only when requested by at least one-third of the commissioners, which request shall be in writing, addressed to the County Clerk, specifying the time, place and purpose of such meeting. (MCLA 46.10)

Upon written receipt by the County Clerk, he/she will immediately forward the request to the County Administrator's office for processing.  The County Clerk shall also notify each of the Commissioners by e-mailing each Commissioner a copy of the notice at least 18 hours before the time of the meeting.

Special meetings of committees of the Board of Commissioners shall only be held when requested by the chairperson of the committee, specifying the time, place and purpose of such meeting, and upon approval of the County Board of Commissioners or the Chairperson of the County Board.

Work Sessions of the Board of Commissioners may be held on any designated day, as determined by the Board Chair, for the purpose of coordinating the activities of the Standing Committees, informing the Board of Commissioners on the progress of Committee work, and for the purpose of promoting a better understanding of County business, thereby expediting the regular meetings of the Board.

Section 6 - Regular Meetings

Regular meetings of the Board of Commissioners are generally held on the second and fourth Tuesdays of each month at 4:00 PM in the Commission Chambers located on the fourth floor of the Hall of Justice except for conflicts with legal holidays or other potential conflicts that may arise.

Section 7 - Open Meetings Act

All meetings of the County Board or committees thereof shall be open to the public, except for sessions closed as hereinafter provided in accordance with the Open Meetings Act #267 of 1976.

Members of the County Board or its committees shall remain cognizant of the strictures of the Open Meetings Act when using e-mail, and shall not deliberate toward or render a decision on matters of public policy through e-mail.

Section 8 - Closed Sessions

A two-thirds roll call vote of all members elected or appointed and serving shall be required to call a closed session, except for closed sessions permitted under Open Meetings Act of 1976, Section 15.267, which allows for a majority vote for closed sessions for the purposes found in MCL 15.268(a), (b), (c), (g), (i), and (j). The motion to call a closed session shall state the purpose or purposes for calling the closed session, and such motion and the roll call vote thereon shall be entered into the minutes of the meeting.   (Open Meetings Act of 1976, Section 15.267, Sec. 7 (1) and MCL Section 15.268.)

A separate set of minutes shall be taken by the clerk or designated secretary of the board, committee or commission.   Said minutes shall be retained by the clerk or secretary and shall not be available to the public and shall only be disclosed if required by a civil action filed under Section 10, 11 or 13 of the Open Meetings Act, being Public Act No. 267 of 1976, Section 15.267 Sec. 7 (2) as amended.   These minutes may be destroyed one year and one day after approval of the minutes of the regular meeting at which the closed session was approved.   If the closed session was recorded, the audio file from said meeting is to be destroyed one year and one day following approval of the minutes.

Section 9 - Purpose for Closed Sessions

Meetings in closed sessions of this Board, or any other committee, commission, or other county boards may only be held according to the Open Meetings Act of 1976 pursuant to Section 15.268.

<u>Section 10 - Notice of Meetings</u>

All meetings of the Board and its committees, statutory boards and commissions shall be posted in accordance with the law, and also posted on the County of Muskegon's website.

At its Organizational Meeting, according to the requirements of these rules, the Board shall establish the dates, times, and places of its regular meetings; and within ten days thereof, shall post a public notice of such meetings on the bulletin board adjacent to the Board's chambers, electronic feeds utilized by the County, as well as at the office of the County Clerk.   The Administrator shall also cause said notice to be published in accordance with the law.

The Board shall also establish the initial meeting dates, time and places of all its committees, statutory boards and commissions at the Organizational Meeting and cause a notice thereof to be posted at the places designated above.   Within ten (10) days of its Organizational Meeting, the Board shall also establish the meeting dates, times and places for all regular meetings of said committees, statutory boards and commissions.

Changes in the regular meeting schedule shall not be made except upon the approval of a majority of the members.

All changes in the schedule of regular meetings of the Board and its committees, statutory boards and commissions shall be posted in accordance with the law. <u>(Open Meetings Act Sec. 15.265 (3)</u>

A notice of a rescheduled or special meeting of the Board shall be posted at least eighteen hours before such meeting and in the same manner as all meetings of the Board. <u>(Open Meetings Act Sec. 15.265 (4)</u>

A meeting of the board, its committees, statutory boards and commissions which is recessed for more than thirty-six hours shall be posted at least eighteen hours before the time of the recessed meeting.  <u>(Open Meetings Act Sec. 15.265 (5)</u>

An emergency session of the Board, its standing committees and statutory boards may be held at any time in the event of a severe and imminent threat to the health, safety or welfare of the public, provided that at such meeting two-thirds of the majority of the commissioners determines that any delay would be detrimental to efforts to lessen or respond to the threat.

All notices of meetings shall contain the date, time and place of such meetings as well as the telephone number of the applicable board, committee, statutory board or commission.   Such notices shall be posted in the same places as the notice of its regular meeting is required to be posted.

Any changes in officially adopted legal notices may be made with the approval of the Chairperson of the County Board or the County Administrator.  The Board of Commissioners will be advised of any changes and the reason(s) for such changes at the Board's next regularly scheduled meeting.

Section 11 - Public Hearings

The Board of Commissioners may, from time to time, hold public hearings as required by regulation, statute or funding source.  The department head seeking a public hearing shall submit their request to the Administrator for submission to the Full Board for approval.  The request from the department head will include such information as necessary for the Board to make its decision.

Section 12 - Strategic Planning

The County Board of Commissioners shall, during the first quarter of the calendar year, schedule a meeting or meetings for strategic planning and goal setting for the upcoming year. This Strategic Planning will include employees of the County of Muskegon.

Section 13 – Cancellation of Meeting Due to Inclement Weather

The Muskegon County Board of Commissioners, being mindful of the fact that there are occasions when, due to extreme weather conditions, travel necessary to attend Board or Committee meetings is hazardous, both to the Board Members and to the general public.  It is for that reason that the Muskegon County Board of Commissioners hereby adopts this Rule calling for the cancellation of meetings under conditions of extreme weather, according to the procedure listed below.

A.      PROCEDURE
        If the County Board Chair, after consulting with the Committee Chair and Board Vice-Chair, believes that the weather conditions on the day of a Board or Committee meeting make travel unduly hazardous, they will cancel the meeting and pursuant to that cancellation, take the following steps:

        1.      Send out an e-mail alert, or contact by any available means, all Members of the Muskegon County Board of Commissioners and affected staff;

        2.      Post a cancellation notice on the Muskegon County website;

        3.      Contact available media outlets with the request that the meeting cancellation notice be broadcast.

B.    CITIZEN CONTACT

While it is the policy of the Muskegon County Board of Commissioners to notify the public of a weather related meeting cancellation by any and all means available to it, citizens are urged in times of inclement weather to either visit the Muskegon County website at www.co.muskegon.mi.us/board or contact the Administrator's Office at 231-724-6520.

## RULE II - BOARD OFFICERS

### Section 1 - Chairperson

The Board, at its first meeting of the January session in each year, shall choose, by roll call or secret ballot if requested, one of its members to be chairperson. A majority vote of the commissioners of the Board shall be necessary for a choice. The Board at its first January session each year, shall also choose by voice vote or roll call a vice-chairperson.

The chairperson and vice-chairperson shall be elected for one-year terms, the elections to occur as set forth in Rule 1, Section 3.

If the chairperson or vice-chairperson dies or resigns, an election for the position shall take place within 30 days of such date according to the procedure set out in Rule 1, Section 3.

The chairperson shall preside at a meeting of the board, but if the chairperson is absent from a meeting, the vice-chairperson shall preside. A chairperson may administer an oath to a person concerning a matter submitted to the County Board of Commissioners or connected with the discharge of its duties, may issue subpoenas for witnesses, and may compel the attendance of a witness in the same manner as a court of law. The County Board of Commissioners may designate 1 member to affix his or her signature to contracts, bond and other documents requiring the signature of the chairperson, if the chairperson is unable to so do because of illness or other exigency which, in the opinion of the board, prevents the chairperson from performing the functions of the office. MCL 46.3 Sec. 3 (5)

In the absence or unavailability of the chair, the vice-chair is designated to sign contracts, bonds and other documents. In the absence or unavailability of both the chair and the vice-chair, the chair of the Ways & Means Committee is designated, and in the case of all three listed being absent/unavailable, the vice-chair of the Ways & Means Committee is designated as signatory.

The chairperson shall make appointments to standing committees, boards, and commissions subject to approval of the Board of Commissioners.

### Section 2 - Vice Chairperson Duties

The vice chairperson of the Board shall perform the duties of the chairperson when that person is absent.

## RULE III - ORDER OF BUSINESS

Agenda Format - Full Board

The following shall be the order of business governing the proceedings of the Board of Commissioners while in regular Full Board meetings:

1.      Call to Order
2.      Invocation or Meditation
3.      Pledge of Allegiance to the Flag
4.      Roll Call of Commissioners
5.      Approval of Agenda
6.      Approval of Previous Minutes
7.      Public Comment (on an agenda item)
8.      Public Hearing
9.      Presentation (time limit 10 minutes)
10.     Communications
11      Committee Reports
12.     Chairperson's Report
13.     Administrator's Report
14.     Old Business
15.     New Business
16.     Public Comment
17.     Closed Session
18.     Adjournment

The following shall be the order of business governing the proceedings of the Board of Commissioners while in regular Committee meetings:

1.      Call to Order
2.      Roll Call
3.      Approval of Previous Minutes
4.      Public Comment (on an agenda item)
5.      Public Hearing
6.      Presentation (time limit 10 minutes)
7.      Items for Consideration
8.      Old Business
9.      New Business
10.     Public Comment
11.     Closed Session
12.     Adjournment

# RULE IV - MANNER OF VOTING AND MAJORITY REQUIRED

## Section 1 - Roll Call Vote

After the election of a chairperson and vice chairperson, the elections and appointments, as vested in the Board of Commissioners and in other matters as may be required by these rules, shall be by voice vote.  The adoption of the annual budget and questions involving the expenditure of public funds, shall be by roll call.  Any member of the Board may request that the vote on any matter be by roll call.

## Section 2 - Majority Vote

All questions and motions which shall arise at any meetings shall be determined by the vote of a majority of the commissioners present, except the final passage or adoption of any measure of law, or the allowance of any claim against the county, in which case a majority of all the commissioners elected and serving shall be necessary.

## Section 3 - Procedure for Taking a Roll Call Vote

The roll is called in alphabetical order, in rotation, except that the presiding officer's name is called last.  The debate is finished when one person has answered the roll call. If a member answers "pass" his/her name will be called again at the conclusion of the roll call and the Chair will announce the final result.

## RULE V - CLOSE DEBATE (PREVIOUS QUESTION)

If a motion to close debate (call the question) is made and seconded, debate must cease and the motion to close debate must be immediately put to a vote.   A two-thirds vote of those present, is necessary for passage of the motion to close debate, and if such is not achieved, a motion to close debate cannot be raised again until substantial debate has ensued.  If passed, the motion on the floor shall immediately be voted upon.

## RULE VI - RIGHTS AND DUTIES OF MEMBERS

<u>Section 1</u>

When a member wishes to speak, the member shall address the chair and the chair shall recognize the member.

<u>Section 2</u>

No member shall speak more than twice on the same question without permission from the chair.

<u>Section 3</u>

When two or more members seek the floor at the same time, the chair shall determine who is to speak first.

<u>Section 4</u>

When a member is speaking on any question before the Board, the member shall not be interrupted except to be called to order.

<u>Section 5</u>

When a member is called to order, the member shall immediately do so. The Board, if a commissioner appeals the ruling by challenging the ruling of the chair, may overrule the call to order.

<u>Section 6</u>

The chairperson shall vote on all questions, except on an appeal from the chair's decision.  In the event of a tie vote, the ruling of the chair is sustained.

<u>Section 7</u>

After a vote is ordered and the clerk directed to call the roll, no member shall be entitled to speak to the question.  Upon completion of the roll, a member may explain said vote upon recognition by the chair.

<u>Section 8</u>

Commissioners are obligated to vote on actions items before them unless conflict occurs as addressed in Rule XII.

## RULE VII - MOTIONS AND RESOLUTIONS

### Section 1

No motion shall be put or debated unless seconded.  If requested, it shall then be stated in full by the chairperson before the vote.

### Section 2

Any motion shall be put in writing at the request of the chairperson or any member of the Board.

### Section 3

Prior to a call for a vote, as prescribed in Rule VI, Section 7,before a motion has been stated by the Chair, the maker of a motion may withdraw or modify such motion without consent.  The seconder may withdraw a second if the motion is so modified.

Before voting on the question has begun, the motion maker may withdraw, modify or accept an amendment to such motion if approved by the chair, providing no member objects.  If an objection is raised by any member concerning such action, a vote shall immediately be taken on the objection to such withdrawal, modification or amendment.

# RULE VIII - PRIVILEGED CLASS OF MOTION

## Section 1

When a question is under debate, no motion shall be in order except the following which shall have precedence in order named:

PRIVILEGED MOTION
A.    Fix the time to which to adjourn
B.    Adjourn
C.    Recess
D.    Raise a question of privilege
E.    Call for orders of the day (requires the adopted program or order of business to be followed)
SUBSIDIARY MOTION
F.    Limit or extend debate
G.    Postpone to a certain time
H.    Comment or refer
I.    To amend
J.    To postpone indefinitely

## Section 2

A suspension of the rules is not necessary for requesting staff to provide further information or for requesting additional information from a recognized authority in the audience if requested to by the Board Chair.

# RULE IX - RECONSIDERATION:  MOTION TO RESCIND OR AMEND

<u>Section 1</u>

A motion to reconsider must be made by a member who voted with the prevailing side and requires a simple majority vote for adoption, if all members who voted with the prevailing side are present or have been notified that the reconsideration shall be moved, otherwise a two-thirds vote is required.

A motion for reconsideration of any question before the Full Board shall not be in order unless made on the same day, or at the meeting of the Full Board next succeeding that on which the decision proposed to be reconsidered was made.  Provided, however, a motion to reconsider a vote in a standing committee can be made and taken up regardless of the time that has elapsed since the vote was taken and there shall be no limit to the number of times a question can be reconsidered.

<u>Section 2</u>

A motion to rescind or amend a previously adopted motion may be made but must be seconded and is debatable.  With previous notice, the motion requires a majority vote. Without previous notice, a two-thirds vote is required. A motion to rescind or amend a previously adopted motion is not in order if the action sought to be rescinded or amended has already occurred and is impossible to undo; if the Board has voted to enter into a contract and the other party has been so notified; or if a resignation has been acted upon and the person notified.

## RULE X - DIVISION OF QUESTION

A.   A division of any motion shall be made when so requested by any member of the Board; provided however, such division shall be so distinct that one part being taken away, the other will remain as an entire motion for decision.

B.   A request by a Board member for a division of question is an incidental motion normally not debatable.  The motion may not be reconsidered.  It can, however, be amended.

C.   If the subjects differ, the question must be divided upon the sole request of a commissioner.  If the topics relate, but can stand alone, the question may be divided on a regular motion and a simple majority vote.

## RULE XI - APPEAL DECISION OF CHAIR

When an appeal is taken from a decision of the chair, the question shall immediately be put in the following form: "Shall the ruling of the chair be sustained?"  The question shall be determined by a majority vote of the members present, except that the chairperson shall not vote.  Should the vote result in a tie, the chair shall be sustained.

# RULE XII - CONFLICT OF INTEREST

## Section 1 - Questions

Questions regarding a conflict of interest shall be handled in the following manner:

A.   Any Board member may raise the point of a potential conflict of interest among the group.

B.   When discussions involve a contract, a commissioner is expected to immediately disclose a potential conflict of interest in the question to the official body, which disclosure shall be made as a matter of public record.

C.   Upon any of the above conditions, the Board is required to approve a contract, or any other action, by a vote of not less than 2/3 of the full membership of the approving body without the vote of the commissioner making such disclosure MCLA §15.323)

## Section 2 - Exceptions

Commissioners are not required to declare a conflict of interest if the question involves contracts between public entities, contracts awarded to the lowest qualified bidder, or as provided for in Section 4 MCLA §15.324  or contracts for public utility services.  (MCLA §15.324)

## RULE XIII – ROBERT'S RULES OF ORDER

The Rules of Parliamentary Practice contained in the most recent edition of Robert's Rules of Order shall govern in all questions of conduct and procedure which are not provided for in the rules of this Board.

RULE XIV - COMMITTEES
======================

Section 1 - Standing Committees
-------------------------------

A.    The Chairperson of the County Board of Commissioners shall, by the first regularly scheduled Full Board meeting following the Organizational Meeting of the Board, designate the regular committees of the Board and designate the chairperson and vice chairperson as a membership of each committee for the ensuing year.  Such appointments are subject to the approval of the majority of the commission.

B.    Once appointed by the chairperson and approved by the majority of the Commission, the chairperson and vice-chairperson shall hold that position until such time as the chairperson or vice-chairperson shall leave office or until such time as either the chairperson or vice-chairperson is reappointed or a new chairperson or vice-chairperson is appointed.

Section 2 - Special Committees
------------------------------

The chairperson of the Board, with the approval of the Board of Commissioners may appoint such special committees as the chair deems necessary.  The purpose of the committee, its charges, the length of time it shall exist, and its membership shall be stated in the minutes of the Full Board meeting at which it was established.

Section 3 - Committee Procedure
-------------------------------

A.    The following standing committees-of-the-whole of the Board of Commissioners and their respective duties are established.  These lists are meant to be illustrative but not necessarily inclusive of all such duties.

COMMUNITY DEVELOPMENT/STRATEGIC PLANNING
Accommodations Tax
Capital & Public Improvements (excluding items within confines of Public Works Board)
Convention Center
County Real Estate
Economic Development Corporation
Fairgrounds
Port Development
Heritage Landing
Parks
Special Projects
Tourism
West Michigan Shoreline Regional Development Commission

COURTS/PUBLIC SAFETY
Building Security
Child Care
Circuit Court
District Court
Emergency Services
Family Court
Jury Commission
Juvenile Transition Center
Probate Court
Prosecutor
Public Defender
Sheriff

HUMAN SERVICES
Child Haven
Cooperative Extension
Medical Examiner
Michigan Works!
Public Health
State Institutions (CMH 10% Match)
Veterans' Affairs

TRANSPORTATION
Airport
Muskegon Area Transit System
Trolleys

WAYS & MEANS
Administration
Brookhaven (if budgetary)
Corporate Counsel
Elected Officials (excluding judges, courts, prosecutor and sheriff)
Equal Employment Opportunity
Equalization
Human Resources
Facilities Management
Finance & Management Services
HealthWest (if budgetary)
Personnel Rules Committee

B.    Each committee is to be responsible for policy and program development for the areas, departments and projects assigned.  As assigned by the Administrator, responsibility for personnel and financial matters that change or alter budgets, shall be assigned to the Ways & Means Committee.

C.    When a quorum for a scheduled meeting is not achieved within fifteen (15) minutes of the appointed meeting time, the meeting shall be adjourned.

D.    Any member finding it necessary to be excused from the committee meeting before adjournment shall notify the chairperson or acting chairperson.

E.    Committee chairpersons shall be allowed to enter into the discussion on any items under consideration.  The chairperson may not make a motion or support one.

Section 4 – Board Liaison Appointments

The Chairperson of the Board of Commissioners shall, with the approval of the Board, appoint commissioners   to serve on various community commissions, boards and committees.

A.    Appointment to these commissions, boards or committees, shall be for the purpose of representing the County Board and **not** the commissioner's personal position on issues and/or projects that come before the commission, board or committee.

B.    The term of the appointment shall coincide with the commissioner's term.

C.    The Commissioner Liaison will regularly attend scheduled meetings.  If more than three unexcused consecutive meetings are missed by the Commissioner Liaison, the Board Chair through a majority vote of the Board may remove that Commissioner Liaison and appoint a replacement.

D.    The Commissioner Liaison will report back to the Full Board on a regular basis.

Section 5 – Ad Hoc Committees

The Chairperson of the Board of Commissioners shall, with the approval of the Board, appoint commissioners to serve on Ad Hoc committees that may be required from time-to-time for special projects that are generally time-limited.  The term of the appointment may vary based upon the needs of the committee.

## RULE XV - DEPARTMENTS

Section 1 - Duties

The Public Works Board, a board created by statute, shall have responsibility for the following duties: Public Works, Wastewater Management, Solid Waste, Special Assessment Funds and Resource Recovery and Research.

Section 2 - HealthWest, Brookhaven, Public Works and Wastewater Management

The directors of the HealthWest, Brookhaven, Public Works and Wastewater Management departments shall be responsible to their respective boards in carrying out the policies of said boards.  Within the scope of daily operations, however, they shall be responsible to the Administrator who shall have the authority to suspend or to suspend with a recommendation of discharge the director subject to review by their board as provided for in Section 6 below.

Section 3 - Emergency Services

*The Emergency Services Management Coordinator shall be appointed by the Board of Commissioners.  On August 12, 2008, a Letter of Agreement was adopted transferring the EMS Coordinator to the Sheriff's Department.  If the Board requests, at any time, the EMS Coordinator will be returned to the Board of Commissioners.

Section 4 - Departments

The Board shall determine and prescribe the functions and duties of each department, and by vote of a majority of its members, may create new departments, combine or abolish existing departments, and establish temporary departments for special work.

The following departments are hereby established:

A.      Brookhaven Medical Care Facility
B.      Community Development
C..     HealthWest
D.      Equalization
E.      Finance & Management Services
F.      Human Resources
G.      Public Defender
H.      Public Health
I       Public Works
J.      Youth Services
K.      Wastewater Management System

Section 5 - Directors

There shall be a director of each department who shall have the supervision and control thereof, and who shall be appointed by the Board according to the recommendation of the Administrator as provided in Rule XIX, Section 2(B) and who shall be immediately responsible to the Administrator for the administration of his/her department, except as provided for under the Public Works Act, the Mental Health Code, and the Social Welfare Act, which includes MCL 123.736, MCL 330.1230, MCL 400.58, respectively, and Section 2 of this Rule.

Directors shall be responsible for the hiring and discharge of employees within their department.  Directors shall discipline, up to and including discharge, subject to the Personnel Rules of the County of Muskegon, or applicable collective bargaining agreement.

Section 6 - Discipline and Removal

A.    The Administrator shall have the authority to discipline a Director, including a suspension or a suspension with a recommendation for discharge, subject to the procedures herein. There is no progressive discipline procedure for a Director. The Administrator may recommend termination if the Director is incompetent to execute properly the duties of the office or if the Administrator is satisfied that the Director is guilty of official misconduct, or habitual or willful neglect of duty, and if the misconduct or neglect is a sufficient cause.

B.    Written notice of any discipline less than a recommendation of discharge shall be given by the Administrator to the Director with the reasons stated. The Director may, within five (5) working days, demand that the matter be referred to a Hearing Board, as defined in Section 6(E)(4), for a hearing. The Hearing Board shall render its final and binding decision within thirty (30) days of the close of the hearing.   The hearing shall be held in accordance with the administrative procedures for the conduct of a hearing as described in Section 6(E).  By a majority vote of the members appointed, they will make a decision that either affirms, modifies, or revokes the recommendation of the Administrator.

C.    Written notice of a suspension with a recommendation of discharge of a Director shall be given to the Director, by the Administrator, with the reasons stated. The Director may be suspended without pay from the time of notification of a recommendation of discharge.

D.    Prior to the issuance of a discharge, the Director shall have the right to have a pre-termination hearing before the Chairperson of the County Board of Commissioners or designee. At the pre-termination hearing, the Director may be represented and shall have the opportunity to present reasons why discharge is inappropriate. This is an informal hearing and no specific procedures are required, except that the Administrator provide written notice, as provided in

subsections (B) and (C), above. At the conclusion of the pre-termination hearing, the Chair or designee may affirm the discharge or impose a lesser discipline or take no action and refer the matter to the Full Board. The Chair's decision is final. If the Chair discharges the Director, the matter may be appealed to the Board of Commissioners, which shall hear the matter as soon as practicable, pursuant to the procedures in Section 6(E) of this Rule.

E.    Hearing Procedure for Board or Designee.

This hearing format applies to a hearing requested by a Director for a suspension without a recommendation for termination (Section 6(B)) or to a hearing required by Section 6(D) prior to termination of a Director.

1.    Notice

(A)    The parties shall be given a reasonable notice of the hearing, which notice shall include:

(i)    A statement of the date, hour, place, and nature of the hearing.

(ii)    A statement that the hearing is under the authority of MCL 46.11(n) if a termination, or under Rule XVI, Section 6(b) if not for termination.

(iii)    A short and plain statement of the matters asserted.

(iv)    A statement that the Director may request a change of time or date until 48 hours prior to the hearing, however the rescheduled hearing will be no later than five (5) days from the originally scheduled hearing.

(v)    A statement that the Director may be represented or assisted by legal counsel, at his or her expense, at the hearing.

(B)    Notice will be sent by certified mail or hand delivered to the Director.

(C)    A formal hearing will be scheduled no later than ten (10) days after the mailing or hand delivery of the notice.

(D)    The Director may file a written answer prior to the date of the hearing.

2.      Discovery

 (A) Any reports or other information possessed by the County will be provided to the Director within three (3) days after the mailing of the noticed of the scheduled hearing, subject to the limitations of the Freedom of Information Act.

 (B) Records of internal procedures of the County are exempt from discovery.

3.      Evidence

 (A) The Director and the County may have legal representation and call witnesses to testify.

 (B) The parties shall be given an opportunity to present oral and written arguments on issues of law and policy and an opportunity to present evidence and argument on issues of fact.

 (C) The Michigan Rules of Evidence shall apply to a formal hearing to the extent practicable, but the Board may admit, however, and give probative effect to evidence of a type commonly relied upon by reasonably prudent persons in the conduct of their affairs. Irrelevant, immaterial or unduly repetitious evidence may be excluded. Effect shall be given to the rules of privilege recognized by law. Objections to offers of evidence may be made and shall be noted in the record.

 (D) A party may cross-examine a witness. A party may submit rebuttal evidence.

 (E) A deposition may be used in lieu of other evidence, when taken in compliance with the Michigan Court Rules.

 (F) Evidence in a formal hearing, including records and documents in possession of the County of which it desires to avail itself, shall be offered and made a part of the record. Other factual information or evidence shall not be considered in determination of the case. Documentary evidence may be received in the form of a copy or excerpt, if the original is not readily available, or may be incorporated by reference, if the materials so incorporated are available for examination by the parties.

  Upon timely request, a party shall be given an opportunity to compare the copy with the original when available.

(G) The Hearing Board may take official notice of judicially cognizable facts, and may take notice of general, technical or scientific facts within the Board's specialized knowledge. The Board shall notify the Director at the earliest practicable time of any noticed fact which pertains to a material disputed issue which is being adjudicated, and on timely request the Director shall be given an opportunity before final decision to dispute the fact or its materiality. The Board may use its experience, technical competence and specialized knowledge in the evaluation of evidence presented to it.

(H) The Hearing Officer (Chairperson of the County Board of Commissioners, or the person who acts in his or her place) may issue subpoenas to compel attendance and testimony of witnesses and the production of books, papers and other documentary evidence.

4. Hearing Board.

(A) The Hearing Board shall be one of the following:

(i) For a recommendation of suspension with termination, the Hearing Board will be the County Board of Commissioners.

(B) The Hearing Officer shall be the Chairperson of the County Board of Commissioners, or the person who acts in his or her place, for hearings to review a recommendation to terminate, according to these Board Rules

(C) On the filing in good faith by a party of a timely and sufficient affidavit of personal bias or disqualification of a presiding Hearing Officer, this matter will be subject to judicial review at the conclusion of the proceeding. When a Hearing Officer is disqualified or it is impracticable for him or her to continue the hearing, another Hearing Officer may be assigned by the Chairperson or Vice-Chairperson of the County Board of Commissioners to continue with the case unless it is shown that substantial prejudice to the party will result therefrom.

(D) Unless required for disposition of an ex parte matter authorized by law, a member of the Hearing Board assigned to make a decision or to make findings of fact and conclusions of law in a formal hearing shall not communicate, directly or indirectly, in connection with any issue of fact, with any person or party, nor, in connection with any issue of law, with any party or his or her representative, except on notice and opportunity for all parties to participate. This prohibition begins at the time of the notice of hearing. A Hearing

Board member may communicate with other members of the Board and may have the aid and advice of the County staff other than the staff which has been or is engaged in investigating or prosecuting functions in connection with the case under consideration or a factually related case.

5. Record

   (A) The Hearing Board shall prepare an official record of a hearing which shall include:

       (i) Notices, pleadings, motions and intermediate rulings.

       (ii) Questions and offers of proof, objections and rulings thereon.

       (iii) Evidence presented.

       (iv) Matters officially noticed, except matters so obvious that a statement of them would serve no useful purpose.

       (v) Proposed findings and exceptions.

       (vi) Any decision, opinion, order or report by the Hearing Officer presiding at the hearing and the Administrator.

   (B) Oral proceedings at which evidence is presented shall be recorded, but need not be transcribed unless requested by a party who shall pay for the transcription of the portion requested except as otherwise provided by law.

6. Decision

   (A) A final decision or order of the Hearing Board shall be made within thirty (30) days of the formal hearing, in writing or stated in the record and shall include findings of fact and conclusions of law separated into sections captioned or entitled "findings of fact" and "conclusions of law", respectively.

       Findings of fact shall be based exclusively on the evidence and on matters officially noticed. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting them. If a party submits proposed findings of fact that would control the decision or order, the decision or order shall include a ruling upon each proposed finding. Each conclusion of law shall be supported by

authority or reasoned opinion. A decision or order shall not be made except upon consideration of the record as a whole or a portion of the record as may be cited by any party to the proceeding and as supported by and in accordance with the competent, material, and substantial evidence. A copy of the decision or order shall be delivered or mailed immediately to each party and to his or her attorney of record.

(B)     A Director may be terminated only upon a finding by the County Board of Commissioners that, in the Board's opinion:

(i)     The Director is incompetent to execute properly the duties of the office or,

(ii)    On charges and evidence, the board is satisfied that the Director is:

(a)     Guilty of official misconduct, or habitual or willful neglect of duty; and

(b)     That the misconduct or neglect is a sufficient cause for removal.

(C)     This decision shall be the final step in the administrative process.

7.      Appeal

A decision of the Hearing Board may be appealed to the Circuit Court no later than sixty (60) days after the date of the final decision.

8.      Default

If a party fails to appear in a contested case after proper service of notice, the Hearing Board, if no adjournment is granted, may proceed with the hearing and make its decision in the absence of the party.

9.      Formal Hearing Format

(A)     Call to order by Hearing Officer.

(B)     Date, time and reason for hearing stated.

(C)     Introductions. All names, positions and titles, representatives and reasons for attendance of individuals present at the hearing shall be stated for the record by the Hearing Officer. At this time the Hearing Officer shall question Board Members as to any conflict of interest in the case before the Board.

(D)     Hearing Format

(i)      Proceedings are to be recorded and kept available as a matter of public record.

(ii)     County staff may present their case or may be represented, allowing opportunities for cross-examination by the Director or the Director's representative.

(iii)    The Director or the Director's representative shall present their case, allowing an opportunity for cross-examination by the County staff or representative.

(iv)    Both the County and the Director shall have an opportunity to clarify their respective positions.

(v)     Hearing Board members may ask questions at any time.

(vi)    The Board may deliberate on the testimony/evidence for no more than thirty (30) days.

(vii)   The Board must render a decision within thirty (30) days.

(viii)  Final decisions of the Board shall be announced with all parties present in a meeting open to the public. A decision may be made for the County or the Director on each allegation.

## RULE XVI - AMENDMENTS TO MUSKEGON COUNTY BOARD RULES

The Chairperson of the County Board of Commissioners will annually appoint members to the Board Rules Committee.  This Committee will also be comprised of Corporate Counsel and Board/EEO Liaison for staffing purposes.

The Board Rules Committee, shall on an annual basis review the Rules as approved by the Full Board at their organizational meeting, for any necessary language modification or changes in procedures. Once reviewed, the proposed changes will be shared with each Commissioner and after 14 days, a recommendation to approve motion will be brought to the Full Board. Amendments to these rules shall not be made at any meeting at which any commissioner is unable to attend because of official county business.

## RULE XVII - AGENDA

The agenda for the Board of Commissioners' meetings will be prepared by the Administrator and Chairperson and made available to all members of the Board on the Friday prior to the Board meetings.

Public comment is permitted as follows:
1.  On an agenda item, by providing a completed "Public Comment" form to the County Clerk, recording secretary, chair or commissioner, and/or by being recognized by the chair during the first public comment period, (Public comment on an agenda item).
2.  On a topic to be introduced by any person by providing a completed "Public Comment" form to the County Clerk, recording secretary, chair or commissioner and/or by being recognized by the chair during the second public comment period (Public comment).
3.  Unless time is extended prior to the public comment period by a vote of a majority of the Commission, comments shall be limited to two minutes for each participant.
4.  A person making comment may only speak once per item.
5.  Any items requiring a vote by the Full Board must be provided 48 hours in advance, although the Board shall retain the right to introduce any motions during the meeting.

## RULE XVIII - GOVERNING CLAIMS FOR PERSONAL EXPENSES INCURRED IN THE OFFICIAL CONDUCT OF COUNTY BUSINESS

Section 1 – Payment/Reimbursement of County Business Expenses

Accountable Plan

In accordance with IRS regulations, the County of Muskegon has an accountable plan that allows reimbursement for authorized business expenses with no effect on taxable compensation.  IRS accountable plan rules apply to all reimbursements and advances for authorized business expenses, both travel and non-travel related.  IRS rules require (a) that an adequate accounting for these expenses must be submitted within a reasonable period of time after a reimbursable business expense is paid or incurred, and (b) any excess reimbursement or allowance must be returned within a reasonable period of time.

It is local County policy that:
- Advances will be issued no more than 15 days of the time the reimbursable expense is expected to be paid or incurred.
- Adequate accounting is to be submitted in a format acceptable to the Accounting Office within 30 days after the expense is incurred.
- Any excess or non-allowable payment must be paid back within 45 days after the expense was paid or incurred, whether the result of excess advance, reimbursement, direct payment, or purchase card payment.  If the purpose is cancelled, the advance or other payment must be paid back within 45 days after the advance or other payment was issued.  Employees may elect to reimburse the County either by check or through payroll deduction.  If no reimbursement action is taken by the employee within 45 days, an automatic payroll deduction for the amount owed will occur.

Definitions & Taxes

Board members, elected officials, employees, and agents of the county shall be reimbursed for necessary personal expenses incurred in the conduct of county business in accordance with the following rules and regulations:

A.      Definitions

1.      Board members are those individuals elected to the Muskegon County Board of Commissioners.
2.      Elected officials are those individuals duly elected and serving in the statutory offices of the County of Muskegon.
3.      Employees are those individuals duly appointed and listed on the regular payroll of the county.
4.      Agents of the county are those individuals retained on a fee basis or

special appointment to perform valuable acts on behalf of the county.  The County Commission shall designate such agents prior to expense approval.

B.    Taxes - Wage and salary compensation shall be subject to applicable tax laws.

Section 2 - Rules and Regulations

Individual meals while traveling on authorized County business are reimbursable expenses (if paid by the traveler) or an allowable expense (if paid by County purchase card in accordance with the P-Card Policy) on the basis of actual expenses incurred as supported by itemized receipts. The following rules and regulations also apply:

A.    Travel Expense
Individuals traveling on authorized County business may  be reimbursed up to the maximum standard IRS per diem amount allowed for meals (this is the M&IE [meals and incidental expenses] rate column less the current incidental portion) as applicable for the destination city for out-of-county travel excluding lodging and transportation to the destination. Travelers must supply detailed receipts of actual meal expenses incurred. As long as the total of actual expenses incurred in a day does not exceed the maximum daily amount per the GSA/IRS tables, the employee is entitled to full reimbursement for actual allowable expenses. If a County purchase card is used for meal expenses, amounts expended in excess of allowable daily amount will require the employee to reimburse the County for the overage amount.

The following exceptions shall apply:
1.    All meals provided by the business event shall be deducted from the per diem amount at the rate of 18% for breakfast, 32% for lunch and 50% for dinner.
2.    Travel involving periods of less than a day shall be paid as follows: reimbursement of the maximum rate will be 50% for dinner; 32% for lunch, and 18% for breakfast which is to include not more than 20% added to the base cost for tips.
3.    If no eateries near the destination are within the per diem range:  a Department Director has the authority to sign off on the overages.

B.    All persons returning from authorized travel must turn in evidence of expenditures and complete a travel reconciliation form within thirty (30) days after returning from the authorized travel.  To comply with IRS requirements, the business purpose of the travel must be documented in the report.  Notwithstanding the 30-day requirement, purchase card receipts must be provided to department finance staff within three business days of the end of the month that the travel occurred to ensure timely processing and posting of the credit card transactions.

Board members, elected officials and all employees and agents claiming expenses shall properly document and receipt, whenever practicable, all such actual expenses.  In so doing, the following guidelines shall be followed:

1.  Interstate Travel
    a.  A travel authorization form must be completed and sent to the Administrator's office for all non-routine travel (i.e. conferences, seminars, trainings) outside the state.
    b.  Prior approval must be obtained from the Administrator and the County Board Chairperson, or in his/her absence the vice chairperson or a designated representative.
    c.  In emergency situations, prior approval of the County Board Chairperson or the Administrator is sufficient and mandatory.
    d.  All travel authorization forms should be forwarded to the Accounting Office for reconciling purposes.
    e.  Chicago and Milwaukee are to be considered out-of-state travel.

2.  Intrastate Travel
    a.  A travel authorization form must be completed and kept in the department records for all non-routine travel (conferences, seminars, trainings) inside the state but out-of-county. Regular out-of-county business meetings that occur on a periodic basis do not require a travel authorization form to be completed.
    b.  Prior approval must be obtained from the director.
    c.  All travel authorization forms should be forwarded to the Accounting Office for reconciling purposes.

3.  Estimated Expenses will be itemized on the travel authorization form before travel authorization.  Actual Expenses will be itemized for reimbursement after completion of travel. Sample itemized expenses are: Mileage, transportation, meals, lodging, etc.-

4.  Mileage Expense is calculated:
    a. Only when a personal automobile is used for transportation.

    b. When travel starts or ends at home the total miles will be adjusted to subtract mileage to commute to/from work per IRS rules.

    c. The mileage rate is the same as the current IRS mileage rate or otherwise approved in labor agreement.

5.  Receipts for public transportation (bus, rail, air) must be provided for full reimbursement of actual cost. The mode of transportation selected shall be the most economical available to provide necessary connections and to accommodate meeting schedules. The class of such transportation shall generally be coach or tourist.

6.      All claimed receipts are to list the details of what was purchased. Reimbursement of Alcohol is strictly prohibited.

7.      Only three meals may be claimed per day regardless of the hours worked.

8.      Receipts for lodging will be reimbursed for actual cost. If sharing lodging with a non-employee, the reimbursement is limited to the single occupancy rate. If lodging is on an American Plan (meals included), the County will reimburse the cost of meals for the employee only.

9.      Gratuities claimed shall be reasonable for services provided, but in no case shall exceed 20%.

10.     Reimbursement for travel will be allowed for only one travel day to a meeting, conference, etc. and one travel day returning from the meeting, conference, etc.

11.     When flying on County business and at County expense, departing and return flights must be made in and out of the Muskegon County Airport. An exception to such rule shall be in the case of an emergency situation or if undue delay in travel would result from application of such rule.  If this exception is used, an explanation of such exception should be included with travel voucher.

C.      Board Members shall receive a $50 daily stipend for out-of-county travel subject to a limit of 15 daily stipends per calendar year. Because this stipend falls under the IRS criteria for supplemental wages, it will be paid in the next regular payroll cycle following submission, subject to applicable payroll withholding and fringes.

Section 3 - Reimbursement

Travel and expenses incurred relating to official county business which does not require travel outside the county may be reimbursed in accordance with the following:

A.      County vehicles shall be used for travel whenever available and practicable.

B.      County business mileage (personal vehicle) is reimbursable at the lower of the IRS rate or otherwise approved in labor agreement. County business mileage submitted for reimbursement shall be properly itemized and explained by listing (a) starting, destination and ending locations, (b) the business purpose and description of the trip, (c) total reimbursable County business mileage of the trip.  Per IRS Regulation 1.232-1(b)(5), round-trip commute mileage must be subtracted from the day's total mileage if business travel started and ended at home.

C. Reimbursement for in-county meals, for meetings with directors, department heads, managers and staff, is prohibited unless participants are working an extended period of time and approval has been received from the Administrator.

Section 4 - Travel Advance

When eligible individuals are anticipating business travel, a cash advance may be required for anticipated expenditures.

A. Travel advances will be subject to the following conditions:

1. Advances will be issued through the Accounting Office.  Travel Payments can be made through: Advances, County checks, or County Purchase Cards. All travel expenses – including advances, County check, Purchase Card – must be included in the travel reconciliation and submitted within 30 days.

2. Advance requests are to be made on the appropriate county travel authorization form.

3. Before advances are to be made or other payment methods are used, travel must be approved as specified in Rule XVIII, Section 2B 1 and 2.)

4. All travel expenses must be reconciled within thirty (30) days after return. Any unused portion of cash advanced is to be returned and receipts are to be submitted for all expenditures.

5. Upon return, when submitting the travel expense voucher, the total travel expense must be itemized and subtracted from the advance to determine any amount owed by or to the County.

6. Further advances may not be made unless all previous advances are reconciled.

Section 5 - Travel Expense Vouchers

All travel expense vouchers shall be properly completed and signed by the employee and approved by the appropriate authority in writing prior to submission with the Travel Authorization Form to the Accounting Department.

Section 6 - Conferences

A. Each commissioner shall be allowed to attend both the annual and legislative Michigan Association of Counties conferences, but may apply to the Full Board

only one National Association of Counties to attend each calendar year.

B.  Department Heads and staff may attend conferences, meetings and seminars pertaining to their respective field of expertise or necessitated by county business as long as sufficient funds exist within their departmental budgets.


Attendance by employees at out-of-state meetings, seminars and/or conferences shall be authorized by their directors and shall follow out-of-state rules.

# RULE XIX - COUNTY ADMINISTRATOR

The Board of Commissioners of Muskegon County, Michigan, hereby establishes the office of County Administrator and declares its intent to maintain the following policies regarding the Administrator's responsibilities:

## Section 1 - Appointment

The County Administrator shall be appointed by the County Board of Commissioners to serve at the will of the Board, a majority of all the members elected and serving being required for appointment, suspension or removal.

The Administrator shall be appointed on the basis of merit, education and experience.

## Section 2 - Powers and Duties

A.   The County Administrator shall be the chief administrative officer of the county and shall exercise all powers and functions of that office, as provided by law, shall be responsible to the Board of Commissioners for the proper administration of all affairs of those departments herein provided; and shall act on behalf of the Board of Commissioners for those departments which are under the general control of the Board of Commissioners.

B.   The Administrator shall appoint or discipline administrative officers (directors) except those officers (directors) described in Rule XV, Section 2 in accordance with Rule 7 of the Personnel Rules and the Statement of Policy, according to the following procedures.

   1.   Appointment
      a.   The Administrator shall advertise vacancies according to procedures adopted by the Board of Commissioners.
      b.   The Administrator shall recommend to the Ways & Means Committee of the Board of Commissioners the names of three candidates deemed most acceptable for the vacant position.
      c.   The Board of Commissioners, or a designated committee, shall thereafter interview said candidates or such others as they deem necessary.  The Administrator shall assist the committee during said interviews and offer advice as to the person best suited for said vacant position.

   2.   Discipline and Removal

      The Administrator shall have the authority to discipline and/or terminate an administrative officer (Director) as provided in Rule XV, Section 6.

Adopted 09/08/2015                    44

<u>Section 3 - Review and Evaluation</u>

Annually, at the anniversary date of the Administrator's hire into that position, the commission shall review and evaluate the job performance of the Administrator.  The Administrator may be invited to attend, but in any event shall be furnished with a summary of the minutes of the session in a meeting with the Chairperson.

<u>Section 4 - Termination</u>

Understanding the unique relationship between the office of the Administrator and the Board of Commissioners, the Administrator fully understands that the condition of his appointment to the position of Administrator is at the pleasure of the Board of Commissioners and his tenure with the County may be terminated with or without cause by a majority vote of those elected and serving.

# RULE XX - CORPORATE COUNSEL

The Board of Commissioners of Muskegon County, Michigan, hereby establishes the office of Corporate Counsel and declares its intent to maintain the following policies regarding the Corporate Counsel's responsibilities:

## Section 1 - Appointment

The Corporate Counsel shall be appointed by and responsible to the County Board of Commissioners to serve at the will of the Board, a majority of all the members elected and serving being required for appointment, suspension or removal.  If employed, the Corporate Counsel may appeal any such suspension or discharge pursuant to the procedures set forth in Rule XV, Section 6.  However, the Board of Commissioners may elect not to employ counsel, but may request proposals from attorneys to provide services on an hourly or retainer basis.

The Corporate Counsel shall be appointed on the basis of merit, education and experience.

## Section 2 - Powers & Duties

A.     The Corporate Counsel shall be the chief legal officer of the county and shall exercise all powers and functions of that office, as provided by law, shall be responsible to the Board of Commissioners for the proper administration of all legal affairs of all departments herein provided, and shall act on behalf of the Board of Commissioners for those departments which are under the general control of the Board of Commissioners.

B.     The Corporate Counsel shall provide monthly reports to the Board of Commissioners and the Administrator as to the status of all ongoing work and projects.  The Corporate Counsel shall report to the Administrator on a day-to-day basis.

## Section 3 - Termination

The Corporate Counsel shall serve at the pleasure and will of the Board of Commissioners and can be removed by a majority vote of those elected and serving.

## RULE XXI - POLITICAL ACTIVITY

The County Administrator and directors shall not be involved, directly or indirectly with political activities involving County Commissioners or persons seeking such office.

This prohibition shall not abridge the employee's right to express an opinion concerning said individuals or to actively support other political candidates or parties, subject to no violation of the Hatch Act.

Such activities include use of employee's name or picture implying support or opposition, fund raising, financial support, or activities which may be construed by the general public as support or opposition for any person seeking or holding the position of County Commissioner.

No person holding the position of County Commissioner shall in any way coerce or demand support of the Administrator, directors, or any other County employees, and any such attempts shall be reported to the Administrator and the Chairperson of the Board.

## STATEMENT OF POLICY

The Board of Commissioners of Muskegon County, Michigan hereby agrees to establish an office of the County Administrator and declares the intent to maintain the following policies regarding his/her responsibilities and its relationship with him/her.

A.   General duties and responsibilities of the Administrator shall be:
1.   To prepare the annual budget and capital improvement program for submission to the Board of Commissioners and to direct and supervise the accounting and control functions necessary to ensure compliance with the budget as adopted by the Board.
2.   To serve as the chief professional advisor to the Board and to assist in securing specialized technical and professional consulting services as needed.
3.   To make such reports as the Board may require concerning operations of the county government and to prepare plans and programs for the Board's consideration in anticipation of future needs and services.
4.   To supervise and direct all county agencies and personnel under the jurisdiction of the Board of Commissioners.
5.   To serve as a representative of the Board of Commissioners in communications with autonomous county officers and board and with agencies of other federal, state, and local governmental agencies.
6.   To provide general supervision of the Department of Corporate Counsel.

B.   In order that the Administrator may exercise effectively the general duties and responsibilities listed in Rule XIX, the Board of Commissioners will, through motion or through the Chairperson of the Board of Commissioners:
1.   Provide that he/she will attend all meetings of the Board (except when his/her own position and salary are to be discussed) and that he/she may participate in discussion of matters before the board but without a vote.
2.   Direct all committees under the jurisdiction of the Board to notify the Administrator of all meetings and to invite him/her to attend and participate in committee discussions.
3.   Assign to him/her the preparation of the agenda for meetings of the Board and its own members who wish to have matters placed on the agenda to submit their requests to him/her in advance.
4.   Adopt uniform personnel policies to be applied to County employees by the Administrator.

C.   To promote the coordination of all activities of the County, the Board of Commissioners will:
1.   Invite statutory boards and committees to designate the Administrator as the administrative officer or otherwise work in close cooperation with his/her office.
2.   Encourage independently elected county officials to coordinate their work

with that of the Administrator and to meet with him/her periodically for the consideration of county programs and plans.

3. Invite other local units of government in the county to cooperate with the Administrator through the establishment of joint conference committees, coordinated procedures, and other arrangements that may be established.

D. The Administrator, in turn, will be expected to:

1. Work with the Board of Commissioners as a single body, except insofar as the Board may direct him/her to work with committees or statutory boards.

2. Keep the board fully advised of the financial condition and future needs of the county and make such recommendations concerning the affairs of the county as he/she deems appropriate.

3. Recognize at all times that he/she is accountable to the Board of Commissioners for the administration of its policies and programs and for his/her conduct as a responsible public official.

4. The Administrator will inform the Board in writing of any outside boards and/or committees on which he/she was asked to serve and accepted.