UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN K. WARNER,

       Plaintiff,

v                             CASE NO. 1:16-01307-CV
                             HON. JANET T. NEFF

COUNTY OF MUSKEGON AND
MARK EISENBARTH, BENJAMIN E. CROSS,
SUSIE HUGHES, ROBERT SCOLNIK,
MARVIN R. ENGLE, CHARLES NASH,
JEFF LOHMAN, TERRY J. SABO, AND
KENNETH MAHONEY, all in their
individual capacities, and the
MUSKEGON COUNTY BOARD OF
COMMISSIONERS,

       Defendants.

_____

SMITH HAUGHEY RICE & ROEGGE
By:  Kevin B. Even (P38599)
Attorneys for Plaintiff
900 Third St., Ste. 204
Muskegon, MI 49440
(231) 724-4320
keven@shrr.com

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.
By:  Laura S. Amtsbuechler (P36972)
     Laura Bailey Brown (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
lbrown@jrsjlaw.com

_____

## DEFENDANTS COUNTY OF MUSKEGON, MARK EISENBARTH, AND MUSKEGON COUNTY BOARD OF COMMISSIONERS' ANSWER, AFFIRMATIVE DEFENSES AND RELIANCE UPON JURY DEMAND

Defendants County of Muskegon, Mark Eisenbarth, and Muskegon County Board of Commissioners, through their attorneys, JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C., submit the following in Answer to Plaintiff's Complaint1:

## **PARTIES, JURISDICTION AND VENUE**

1.      Plaintiff, John K. Warner ("Warner"), is a resident of the County of Muskegon, State of Michigan and brings this action resulting from damages incurred due to his unlawful termination as the Director of the Muskegon County Department of Public Works ("Department") on July 5, 2016 by Defendant, Mark Eisenbarth.

**ANSWER:** These Defendants neither admit nor deny Plaintiff's allegations related to his residence and damages for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs; These Defendants deny Plaintiff's allegation of wrongful termination as untrue.

2.      Defendant, County of Muskegon ("County"), is a Michigan unit of government and a body corporate.

**ANSWER:** These Defendants admit this allegation.

---

1 Defendants Benjamin E. Cross, Susie Hughes, Robert Scolnik, Marvin R. Engle, Charles Nash, Jeff Lohman, Terry J. Sabo, and Kenneth Mahoney are submitting contemporaneously herewith their Request for a Pre-Motion Conference relating to their planned filing of a Rule 12(b)(6) motion in addition to a Request for Extension of Time to File Responsive Pleading.

3.     Defendant Muskegon County Board of Commissioners ("Board") is a local legislative or governing body of County, empowered by state constitution, statute, charter, ordinance, resolution or rule to exercise governmental or proprietary authority or perform a governmental or proprietary function.

**ANSWER:** These Defendants admit that the Muskegon County Board of Commissioners is a legislative or governing body of the County with power and authority as provided by law. These Defendants neither admit nor deny the remainder of the allegations as vague, and for that reason, these Defendants must leave Plaintiff to his proofs.

4.     At all relevant times, Defendant, Mark Eisenbarth ("Eisenbarth" also referred to herein as the "Administrator") has been employed as the Administrator for the County and has at all relevant times resided in Muskegon County, State of Michigan.

**ANSWER:**  These Defendants admit that Mark Eisenbarth was at certain times employed as the Muskegon County Administrator and has resided in Muskegon County, Michigan.

5.     At all relevant times, Defendant, Benjamin E. Cross ("Cross") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief, and further state Defendant Cross has not answered due to a Motion to

Dismiss to be filed on his behalf.

6.    At all relevant times, Defendant, Susie Hughes ("S. Hughes") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Hughes has not answered due to a Motion to Dismiss to be filed on her behalf.

7.    At all relevant times Defendant Robert Scolnik ("Scolnik") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Scolnik has not answered due to a Motion to Dismiss to be filed on his behalf.

8.    At all relevant times, Defendant, Marvin R. Engle ("Engle") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Engle has not answered due to a Motion to Dismiss to be filed on his behalf.

9.    At all relevant times, Defendant, Charles Nash ("Nash") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Nash has not answered due to a Motion to

Dismiss to be filed on his behalf.

10.     At all relevant times, Defendant, Jeff Lohman ("Lohman") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Lohman has not answered to due a Motion to Dismiss to be filed on his behalf.

11.     At all relevant times, Defendant, Terry J. Sabo ("Sabo") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Sabo has not answered due to a Motion to Dismiss to be field on his behalf.

12.     At all relevant times, Defendant, Kenneth Mahoney ("Mahoney") has resided in Muskegon County, State of Michigan.

**ANSWER:** These Defendants admit the allegations on information and belief and further state that Defendant Mahoney has not answered due to a Motion to Dismiss to be filed on his behalf.

13.     The Administrator was hired by the County to manage the County's affairs.

**ANSWER:** These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.  Defendants further affirmatively state that

the Administrator was appointed to his position by the Muskegon County Board of Commissioners and that the Administrator's powers and duties are set forth in the Board Rules.

14.     This is a civil action under 42 U.S.C § 1983 seeking damages against Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney for committing acts, under color of law, with the intent and for the purpose of depriving Warner of rights secured under the Constitution and laws of the United States.

**ANSWER:** These Defendants deny that any Defendants committed acts under the color of law with the intent and purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States for the reason that this allegation is untrue.

15.     This case arises under the United States Constitution and 42 U.S.C. §§ 1983 and 1988, as amended.

**ANSWER:**  These Defendants deny that Plaintiff is entitled to any relief for claims arising out of 42 U.S.C. §§ 1983 and 1988.  To the extent not fully answered, these Defendants neither admit nor deny the remaining allegations for lack of sufficient knowledge or information upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.

16.    This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** These Defendants admit that this Court has jurisdiction over Plaintiff's federal claims.  These Defendants neither admit nor deny the remaining allegations for lack of sufficient knowledge or information upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.

17.    This is also a civil action seeking damages against Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney for committing acts, under color of law, with the intent and for the purpose of depriving Warner of rights secured under Article 1§ 17 of the Constitution of the State of Michigan.

**ANSWER:** These Defendants deny that any Defendants committed acts under the color of law with the intent and purpose of depriving Plaintiff of rights secured under Article 1 § 17 of the Constitution of the State of Michigan for the reason that this allegation is untrue.

18.    In addition, this is a civil action against the County for wrongful termination of Warner's employment as the Director of the Department.

**ANSWER:** These Defendants deny that the County wrongfully terminated Plaintiff's employment as the Director of the Department of Public Works for the reason that this allegation is untrue.

19.    In addition, this is a civil action against the Board for violation of Act 267 of 1976, MCL § 15.261 et seq., and hereinafter referred to as the "Open Meetings Act."

**ANSWER:** These Defendants deny that the Board committed any violation of the Open Meetings Act, MCL § 15.261 *et seq.*

20.    The amount in controversy is in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest and attorney's fees.

**ANSWER:** These Defendants deny the allegation for the reason that it is untrue.

## GENERAL ALLEGATIONS

21.    Warner has been a long time employee of the County who was appointed by the Board as the Director of the Department in 2011.

**ANSWER**: These Defendants admit that Plaintiff was appointed by the Board in 2011.

22.    As a Director for the County, Warner could only be terminated by the Board following a full and complete hearing in accordance with the Rules of the Board ("Rules") adopted by the Board and published for the benefit of County employees including Warner.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, these Defendants state that the Rule speaks for itself.

7

23.     The Rules state that a director may be terminated only upon a finding by the Board that the director is incompetent to execute properly the duties of the office or, on charges and evidence, the Board is satisfied that the director is guilty of official misconduct or habitual or willful neglect of duty; and that the misconduct or neglect is a sufficient cause for removal.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, these Defendants state that the Rule speaks for itself.

24.     Pursuant to the Rules, the Administrator has the authority to discipline a director of a department, including a suspension with a recommendation for discharge, subject to the procedures established by the Rules, but the Administrator does not have the power to terminate a director including Warner.

**ANSWER**: These Defendants admit that the Administrator has the authority to discipline a director of a department, including a suspension with a recommendation for discharge, subject to the procedures established by the Rules. In further answer, Defendants admit that Administrator does not alone have the power, without direction from the Board Chair, to terminate a director.  In further answer, these Defendants state that the Rule speaks for itself.  To the extent not fully answered herein, these Defendants deny the remaining allegations of paragraph 24 for the reason that they are untrue.

8

25.    The Rules provide that written notice of a suspension with a recommendation of discharge of a director shall be given to the director, by the Administrator, with the reasons stated.

**ANSWER**:  These Defendants admit the allegations.

26.    On May 25, 2016 the Administrator, pursuant to a written letter ("Suspension Letter") suspended Warner's employment with the County and recommended him for discharge.

**ANSWER**:  These Defendants admit the allegations.

27.    The Suspension Letter notifying Warner of his suspension of his employment as the Director was prepared by Douglas Hughes ("Corporate Counsel") and hand delivered by Corporate Counsel to Warner.

**ANSWER**:  These Defendants admit the allegations.

28.    The Suspension Letter stated that the Administrator determined Warner was "unable to execute properly the duties of your office" due to the following reasons:

    a.    Warner's alleged "unprofessional conduct" at the May 4, 2016 meeting of the Solid Waste Planning Committee ("SWPC");

    b.    Warner's alleged creation of a "hostile work environment for other members of County staff", and

    c.    Unidentified "actions" of Warner were "contrary to the statutory authority and bylaws of the SWPC."

**ANSWER**: These Defendants admit that the Suspension Letter notified Plaintiff of the Administrator's determination that Plaintiff was unable to execute properly the duties of his office because of (a) unprofessional conduct at a Solid Waste Planning Committee meeting, (b) his "conduct creating what could be termed a hostile work environment for other members of the County staff," and (c) his "actions contrary to the statutory authority and bylaws of the Solid Waste Planning Committee." In further answer, these Defendants state that the Suspension Letter speaks for itself.

29. The May 4, 2016 meeting of the SWPC was recorded and an audio tape of the meeting was preserved.

**ANSWER**: These Defendants admit the allegations.

30. The Suspension Letter did not state what conduct was deemed "unprofessional conduct."

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue. In further answer, the Suspension Letter speaks for itself.

31. The Suspension Letter did not state what Warner was incompetent to execute properly the duties of his office.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue. In further answer, the Suspension Letter speaks for itself.

32.     The Suspension Letter did not state what Warner was guilty of official misconduct, or habitual or willful neglect of duties of his office.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, the Suspension Letter speaks for itself.

33.     The Suspension Letter did not identify any alleged behavior that was wrongful or that created a "hostile work environment."

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, the Suspension Letter speaks for itself.

34.     The Suspension Letter did not identify any County employee who was subjected to a "hostile work environment."

**ANSWER**: These Defendants admit the allegations.

35.     The Suspension Letter did not identify any "actions" that were "contrary to the statutory authority and bylaws of the SWPC."

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, the Suspension Letter speaks for itself.

36.     Following the delivery of the Suspension Letter to Warner, Corporate Counsel undertook an investigation to establish justification for the action taken by the Administrator to suspend and recommend Warner for discharge.

**ANSWER**: These Defendants deny the remaining allegations for the reason that they are, as so generally alleged, untrue.

11

37.   The investigation referenced in the preceding paragraph included interviewing County employees and combing through County employee emails.

**ANSWER**:  These Defendants deny the remaining allegations for the reason that they are, as so generally alleged, untrue.

38.   The investigation revealed that no complaint of harassment against Warner was ever received by the County that was in accordance in the County's anti-harassment policy.

**ANSWER**:  These Defendants deny the remaining allegations for the reason that they are, as so generally alleged, untrue.

39.   Eisenbarth was well aware of the County's anti-harassment policy.

**ANSWER**:  These Defendants admit that Eisenbarth was familiar with the County's anti-harassment policy.  To the extent not fully admitted herein, these Defendants deny the remaining allegations for the reason that they are untrue.

40.   Eisenbarth knew that he had a duty to report harassment to the County's EEO office.

**ANSWER**:  These Defendants deny the allegations, as so generally alleged, for the reason that they are untrue.  In further answer, these Defendants state that the anti-harassment policy speaks for itself.

41.     Eisenbarth knew that he had a duty to report harassment to the County's EEO office and if he failed to do so his failure constituted a violation of the County's anti-harassment policy.

**ANSWER**: These Defendants deny the allegations, as so generally alleged, for the reason that they are untrue.  In further answer, these Defendants state that the anti-harassment policy speaks for itself.

42.     Eisenbarth never made a report of harassment by Warner to the County's EEO office.

**ANSWER**:  These Defendants admit the allegations.

43.     On May 26, 2016 Warner requested a pre-termination hearing before the Chairman of the Board, i.e., Sabo in accordance with the Rules.

**ANSWER**:  These Defendants admit the allegations.

44.     On May 26, 2016 Warner requested in writing from the County a complete copy of his personnel record pursuant to the Bullard-Plawecki Employee Right to Know Act, MCL § 423.501 et seq., Act 397 of 1978.

**ANSWER**: These Defendants admit that Plaintiff's counsel submitted a written request for a complete copy of Plaintiff's personnel record pursuant to the Bullard-Plawecki Employee Right to Know Act dated May 26, 2016.  To the extent not expressly admitted herein, these Defendants deny the remaining allegations as they are untrue.

45.    On May 26, 2016 a written Freedom of Information act request ("FOIA") request, MCL § 15.231 et seq., Act 442 of 1976, was submitted by Warner's counsel to the Administrator seeking certain information relevant to the conclusions set forth in the Suspension Letter.

**ANSWER**: These Defendants deny the allegations as they are untrue.  In further answer, Defendants affirmatively state that they received a written Freedom of Information Act request dated May 31, 2016 from Plaintiff's counsel seeking information relating to Plaintiff's employment.

46.    The pre-termination hearing was scheduled for June 24, 2016.

**ANSWER**: These Defendants admit that the pre-termination hearing was initially scheduled for June 24, 2016.  In further answer, Defendants state that the June 24 pre-termination hearing was adjourned, at the request of Plaintiff's counsel, to June 29, 2016.

47.    As of the commencement of the pre-termination hearing, Warner had not been provided with his personnel folder previously requested on May 26, 2016.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.  In further answer, Defendants affirmatively state that Plaintiff was provided a copy of the requested personnel records on June 24, 2016 in advance of the June 29 pre-termination hearing.

48.    As of the commencement of the pre-termination hearing, Warner's counsel had not been provided with documents requested pursuant to the FOIA request dated May 26, 2016.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

49.    The actions of the Administrator, Corporate Counsel and the County in depriving Warner of a copy of his personnel file and copies of the documents relied upon by the Administrator in making his decision to suspend and recommend Warner for discharge were intentionally designed to deprive Warner of an opportunity to prepare for the pre-termination hearing.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

50.    No evidence, either by way of testimony or documentary evidence, was presented by the County or the Administrator at the pre-termination hearing; not a single witness testified nor was a single document produced.

**ANSWER**: These Defendants admit that neither the County nor the Administrator presented any witnesses at the pre-termination hearing, but Defendants deny that there was no documentary evidence presented as Sabo was given a copy of the Suspension Letter detailing the Administrator's basis for Plaintiff's recommended discharge.  In further answer, these Defendants deny any

implication that they were required present testimony or documentary evidence at the pre-termination hearing. Defendants also affirmatively state that Plaintiff presented no testimony or documentary evidence during the pre-termination hearing.

51. After the close of the pre-termination hearing, Sabo informed Warner that his FOIA request had been granted and his personnel folder was then produced.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

52. Warner's personnel folder did not contain any information evidencing his alleged "unprofessional conduct" at any meeting of the SWPC.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

53. Warner's personnel folder did not contain any information evidencing his alleged "hostile work environment" of any County employee.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

54. Warner's personnel folder did not contain any information evidencing any "actions" of Warner that was "contrary to the statutory authority and bylaws of the SWPC."

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

55.   Sabo then adjourned the pre-termination hearing until June 29, 2016 at 4:00 pm at Corporate Counsel's office.

**ANSWER**:   These Defendants admit that, at Plaintiff's request, the pre-termination hearing was adjourned until June 29, 2016 at Corporate Counsel's office.

56.   On June 25, 2016 Warner's counsel received from Corporate Counsel approximately 10,000 emails to review, however no documents were identified as those relied upon (as requested) by the Administrator in making his decision to suspend and recommend Warner for discharge.

**ANSWER**: These Defendants admit that Corporate Counsel produced approximately 10,000 emails in response to Plaintiff's counsel's FOIA request.  In further answer, these neither admit nor deny the date on which Plaintiff's counsel received the requested documents for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.  To the extent not fully answered herein, these Defendants deny the remaining allegations for the reason that they are untrue.

57.   The actions of the Administrator, Corporate Counsel and the County in producing approximately 10,000 emails rather than just copies of the documents

relied upon by the Administrator in making his decision to suspend and recommend Warner for discharge were intentionally designed to deprive Warner of an opportunity to prepare for the adjourned pre-termination hearing and to be made aware of the evidence that allegedly supported the charges against him.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

58.    At the time of the adjourned pre-termination hearing on June 29, 2016 no evidence, either by way of testimony or via documentation was produced by the County or the Administrator in support of the Administrator's decision to suspend and recommend Warner for discharge; not a word was spoken nor was a document produced.

**ANSWER**: These Defendants admit that neither the County nor the Administrator presented any witnesses at the pre-termination hearing, but Defendants deny that there was no documentary evidence presented as Sabo was given a copy of the Suspension Letter detailing the Administrator's basis for Plaintiff's recommended discharge.  In further answer, these Defendants deny any implication that they were required present testimony or documentary evidence at the pre-termination hearing.  Defendants also affirmatively state that Plaintiff presented no testimony or documentary evidence during the pre-termination hearing.

59.    The actions of the Administrator, Corporate Counsel and the County in not producing testimony or documentation in support of the Administrator's decision to suspend and recommend Warner for discharge were intentionally designed to deprive Warner of due process of law.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

60.    At the conclusion of the adjourned pre-termination hearing on June 29, 2016 Sabo affirmed the decision of the Administrator without having heard any evidence presented by the Administrator or by the County.

**ANSWER**: These Defendants admit that at the conclusion of the pre-termination hearing, Sabo affirmed the decision of the Administrator.  To the extent not expressly admitted herein, Defendants deny the remaining allegations as they are untrue.

61.    As of the conclusion of the adjourned pre-termination hearing of June 29, 2016 neither Sabo nor the Administrator had listened to the audio tape of the SWPC meeting held on May 4, 2016.

**ANSWER**:  These Defendants admit the allegations.

62.    On July 5, 2016 the Administrator terminated Warner's employment without a full and complete hearing before the Board as required by the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

63.    Warner, while employed by the County had a record of accomplishment and a good name, reputation and was known in the community as a person of integrity.

**ANSWER:** These Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.

64.    The Administrator's decision to discharge Warner in violation of the Rules imposed on him a stigma that foreclosed his freedom to take advantage of certain other employment opportunities.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

65.    As a public employee and a Director of a County Department, Warner had a constitutionally protected property interest in his continued employment and could not be terminated without due process and without cause as provided for in the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

66.    Warner's honor and/or integrity is at stake because of what the County and the Administrator has done to him; notice and an opportunity to be heard are essential and Warner was entitled to due process protection of freedom from arbitrary action which jeopardized his property interest in his public employee job.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

67.    The Administrator's decision to terminate Warner before the Board could conduct a full and complete hearing, made Warner's request for a hearing before the Board meaningless as the die had been cast thereby depriving Warner of due process of law.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

68.    Despite the fact that Warner had already been terminated on July 5, 2016 by the Administrator, on August 24, 2016, the Board convened a hearing regarding Warner's employment.

**ANSWER**: These Defendants admit that in accordance with the Board Rules and at Plaintiff's request, the Board convened a post-termination hearing on August 24, 2016.   In further answer, these Defendants deny the remaining allegations as they are untrue.

69.     The Board's hearing of August 24, 2016 was continued on September 1, 2016.

**ANSWER**:  These Defendants admit the allegations.

70.     On October 11, 2016 at approximately 2:00 pm the Board convened a meeting (the "First Meeting"), with a quorum of the Board present, to deliberate on the charges made against Warner.

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.   In further answer, Defendants affirmatively state that on October 11, 2016 at approximately 2:00 pm, a Board meeting was convened regarding Plaintiff's employment.   Shortly thereafter, the Board moved to go into closed session in accordance with the Open Meetings Act for the purposes of obtaining legal advice.

71.     At the First Meeting the Board deliberated upon the charges against Warner and made a number of decisions regarding the charges advanced against Warner, despite the fact that he had already been terminated on July 5, 2016.

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.

72.     On October 11, 2016 at 3:12 pm the Board convened another meeting (the "Second Meeting").

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.

73.    At the Second Meeting the Board did not deliberate upon the charges against Warner but in a perfunctory way made a decision on the charges against Warner, despite the fact that he had already been terminated on July 5, 2016 in violation of the Rules.

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.

## COUNT I -- OPEN MEETINGS ACT VIOLATION

74.    Plaintiff hereby incorporates all of the foregoing allegations.

**ANSWER**:  In answer to paragraph 74, these Defendants incorporate by reference their answers to paragraphs 1-73.

75.    Board is a public body as that term is defined by the Open Meetings Act.

**ANSWER**:  These Defendants admit the allegations.

76.    The Open Meetings Act requires that all decisions of a public body must be made at a meeting open to the public pursuant to public notice in accordance with the Open Meetings Act.

**ANSWER**:  These Defendants need not respond to the allegations of law stated in paragraph 76 and thereby leave Plaintiff to his proofs.

77.    The Open Meetings Act required that the Board's deliberation of the charges against Warner were to take place at a meeting open to the public.

**ANSWER**:    These Defendants need not respond to the allegations of law stated in paragraph 77 and thereby leave Plaintiff to his proofs.

78.    The Board's deliberation of the charges against Warner did not take place at a meeting open to the public.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

79.    The First Meeting was convened without public notice having been posted stating the date, time and place of the First Meeting at least eighteen (18) hours before the First Meeting in a prominent and conspicuous place at both the Muskegon County Courthouse and on the Muskegon County Website.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

80.    In fact no public notice of the First Meeting was posted.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

81.    The purpose of the First Meeting was to deliberate upon and make a decision on the charges leveled against Warner by the Administrator despite the fact that Warner's employment had already been terminated on July 5, 2016.

24

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.

82.     On information and belief, the Board did in fact deliberate and make a decision on the charges leveled against Warner despite the fact that Warner's employment had already been terminated.

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.

83.     The First Meeting was held in violation of Michigan Law specifically in violation of the Open Meetings Act.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

84.     The decision of the Board at the First Meeting was invalid.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

85.     The perfunctory decision made by the Board at the Second Meeting was window dressing to make it appear as though the Board was complying with the Open Meetings Act when in fact the deliberations and the decision had already been made at the First Meeting.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

86.     The decision of the Board at the Second Meeting was invalid.

**ANSWER**:  These Defendants deny the allegations for the reason that they are untrue.

PLAINTIFF REQUESTS that this court enter judgment against the Muskegon County Board of Commissioners for the following relief:

1.     A declaratory judgment determining that the decisions of the Board made at the First Meeting and the Second Meeting be invalidated for not having complied with the requirement of the Open Meetings Act;

2.     An award to Plaintiff of the costs and disbursements of this action, including actual attorney's fees pursuant to the Open Meetings Act; and

3.     An award to Plaintiff of such other and additional legal and/or equitable relief to which he may be entitled.

**ANSWER**: These Defendants deny that Plaintiff is entitled to any of the requested relief.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

### COUNT II – § 1983 VIOLATION

87.     Plaintiff hereby incorporates all of the foregoing allegations herein by reference.

**ANSWER**:  In answer to paragraph 87, these Defendants incorporate by reference their answers to paragraphs 1-86.

88.    Warner enjoyed a constitutionally protected property interest in continued employment.

**ANSWER**:  These Defendants admit that Plaintiff's interest in employment was as provided for in the Rules, and neither admits nor denies the remaining allegations.

89.    Warner was terminated under the color of state law.

**ANSWER**:  These Defendants admit that the Board was acting in its capacity as a Board, as per state statute and the Board Rules, and that the Administrator was acting within his authority as County Administrator when acting on the decision to terminate Plaintiff's employment .

90.    The termination resulted without Warner being afforded due process of law.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

91.    Warner suffered a loss of his constitutionally protected interest in retaining his job.

**ANSWER**:  These Defendants need not respond to the allegations of law stated in paragraph 91 and thereby leave Plaintiff to his proofs.

27

92.     Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney's termination of Warner without a full and complete hearing before the Board violated the Rules of the Board.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

93.     Before depriving Warner of his constitutionally protected property interest in continued employment, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney did not conduct a pre-termination hearing or otherwise afforded Warner notice of the grounds for his termination, and explanation of the evidence against him, and a meaningful opportunity to respond.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

94.     Warner's right to retain his job would have continued but for Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney's unlawful termination in violation of the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

95.     The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney as set forth herein have deprived

Warner of his due process liberty and property interests guaranteed to him by the Constitution of the United States.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

96.    The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney as set forth herein created a false and defamatory impression about Warner in connection with his termination thereby depriving Warner of his liberty interest by destroying his good name in the community and have foreclosed him from practicing his profession as a director of a county department.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

97.    Eisenbarth publicly made allegations that Warner had harassed county employees and created a "hostile work environment" constituted a stigmatizing statement harming Warner's reputation in the community.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

98.    Eisenbarth's allegations that Warner had harassed county employees and created a "hostile work environment" foreclosed Warner from obtaining similar employment as a director of a county public works department.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

99.     The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney as set forth herein by failing to abide by the Rules and failing to conduct its hearing at an open meeting as required by law prevented Warner from having a meaningful due process hearing and an opportunity to clear his name.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

100.   Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney all knew or should have known that the Administrator's actions in failing to abide by the Rules and failing to conduct a hearing at an open meeting as required by law prevented Warner from having a meaningful due process hearing and an opportunity to clear his name.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

101.   The Administrator's actions in failing to disclose evidence of circumstances and persons who were allegedly harassed by Warner rendered any hearing meaningless and constitute a deprivation of a meaningful due process hearing and an opportunity for Warner to clear his name at an open public meeting.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

102.   Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney knew or should have known that the Administrator's actions in failing to disclose evidence of persons who were allegedly harassed by Warner rendered any hearing fundamentally unfair and deprived him of due process.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

103.   The conduct and actions of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney as set forth herein were undertaken when they were acting under the color of state law and said actions deprived Warner of federal equal protection and due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution, and made actionable by 42 U.S.C. § 1983 (The "Civil Rights Act").

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

104.   Despite having requested a pre-termination hearing, and despite having requested an appeal before the Board, the Administrator chose to terminate Warner in violation of the Rules and without presenting any evidence justifying Warner's termination.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

105.   Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney knew or should have known that Administrator's actions in failing to disclose evidence of persons who were allegedly harassed by Warner rendered any hearing fundamentally unfair and deprived him of due process.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

106.   Subsequent   to   the   Administrator's   decision   to   suspend   and recommend Warner for discharge, Corporate Counsel under took an investigation to come up with reasons for Warner's termination.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

107.   During the process of Corporate Counsel's investigation Corporate Counsel or other attorneys in his office who work at his direction began interviewing County employees and combing through emails to come up with a rationale to support the Administrator's decision that were not considered at the time of the delivery of the Suspension Letter.

**ANSWER**: These Defendants deny the allegations for the reasons that they are untrue.

108.   The Rules provide that a hearing Board member may have the aid and advice of the County staff other than the staff which has been or is engaged in investigating in connection with the case against Warner.

**ANSWER**: These Defendants need not respond to the allegations of law stated in paragraph 108 and thereby leave Plaintiff to his proofs.  In further answer, these Defendants affirmatively state that the Rules speak for themselves.

109.   Notwithstanding the prohibition in the Rules set forth in the preceding paragraph Corporate Counsel who investigated the charges against Warner also acted as the advisor to the Board in a hearing conducted by the Board after Warner had been terminated by the Administrator.

**ANSWER**:  These Defendants deny the allegations for the reason that they are untrue.

110.   Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney knew or should have known that Corporate Counsel's investigation into the charges against Warner while at the same time acting as the advisor to the Board in a hearing conducted by the Board after Warner's wrongful termination was in violation of the Rules, thereby rendering the hearing fundamentally unfair and deprived him of due process.

**ANSWER**:  These Defendants deny the allegations for the reason that they are untrue.

111.   The hearing conducted by the Board in August 2016 and in September 2016 was a charade as the die had already been cast as Warner had already been terminated and the Board had been fully prejudiced towards a predetermined outcome as wrongfully influenced by the Administrator and Corporate Counsel as set forth above.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

112.   Following the unlawful termination of Warner by the Administrator, the Administrator had already advertised for Warner's replacement and conducted interviews for a new director.

**ANSWER**: These Defendants deny that Plaintiff's termination was unlawful.  In further answer, these Defendants admit that the position of Director of the Department of Public Works was advertised and candidates were interviewed.

113.   On October 25, 2016 the Board formally appointed Matthew Farrar as the Director of Public Works to fill the position previously held by Warner.

**ANSWER**:  These Defendants admit the allegations.

114.   The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney as set forth herein were either motivated

by evil motive or intent or the result of a reckless or callous indifference to the federally protected rights of Warner.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

115.  The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney in depriving Warner of his constitutionally protected property interest and liberty interest as set forth herein abridge his right to due process of law in violation of the Fourteenth Amendment to the U.S. Constitution.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

116.  As a direct and proximate result of the actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney as set forth herein Warner has suffered and will continue to suffer substantial damages, including, but not limited to, the loss of wages and other benefits he would have received as an employee of the County.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

PLAINTIFF REQUESTS that this court enter judgment against Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney for the

following relief:

1.  A declaratory judgment pursuant to 28 USC § 2201 declaring that Defendants' actions in depriving Plaintiff of his constitutionally protected property interest in continued employment in violation of the Rules were unlawful and violative of the rights of Plaintiff under the Due Process Clause of the Fourteenth Amendment;

2.  A declaratory judgment pursuant to 28 USC § 2201 declaring that Defendants' actions in depriving Plaintiff of his constitutionally protected liberty interest in his good name and reputation and foreclosing his freedom to take advantage of certain other employment opportunities in violation of the Rules were unlawful and violative of the rights of Plaintiff under the Due Process Clause of the Fourteenth Amendment;

3.  An award to Plaintiff of back pay or damages for lost earnings in the amount he would have earned, with interest, from the date that his employment was terminated;

4.  An award to Plaintiff of compensatory damages sufficient to compensate him for his mental anguish and emotional distress, embarrassment and humiliation, and damage to his professional reputation as a result of Defendants' actions;

5.  An award to Plaintiff of punitive damages against Defendants as a result of the reckless indifference with which they violated Plaintiff's right to due process of law;

6.  An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 42 USC § 1988(b), and

7.  An award to Plaintiff of such other and additional legal and/or equitable relief to which he may be entitled.

**ANSWER**: These Defendants deny that Plaintiff is entitled to any of the

requested relief.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

## COUNT III- WRONGFUL DISCHARGE

117.   Plaintiff hereby incorporates all of the foregoing allegations herein by reference.

**ANSWER**:  In answer to paragraph 117, these Defendants incorporate by reference their answers to paragraphs 1-116.

118.   While Warner was employed by the County, the Rules instilled legitimate expectations that Warner could only be terminated in accordance with the Rules.

**ANSWER**: These Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.

119.   Warner reasonably relied on these policies and procedures and, as a result, legitimately expected that he could only be involuntarily terminated in accordance with the Rules.

**ANSWER**: These Defendants neither admit nor deny the allegations for lack of knowledge or information sufficient upon which to form a belief as to the truths of the allegations and thereby leave Plaintiff to his proofs.

120.   At all times relevant the County promised, via its Rules, that Warner could only be terminated following a full due process hearing and only after the Board determined that Warner was incompetent to execute properly the duties of the office, was guilty of official misconduct that is of sufficient cause, or guilty of habitual or willful neglect of duty that is of sufficient cause to justify termination.

**ANSWER**: These Defendants deny these allegations for the reason that they are, as so generally alleged, untrue.  In further answer, these Defendants state that the Rules speak for themselves.

121.   The Administrator's decision to terminate Warner was in clear in violation of the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

122.   The Administrator's failure to present evidence prior to the decision to terminate Warner was in clear violation of the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

123.   The conduct and actions of Corporate Counsel acting as both investigator and advisor to the Board during a charade hearing was in clear violation of the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

124.   There was insufficient cause to terminate Warner.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

125.   As a result of the County's wrongful termination of Warner's employment, the County interfered with the legitimate expectation, instilled by the County in Warner that he would only be involuntarily terminated in accordance with the Rules.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

126.   As a direct and proximate result of the County and the Board's failure to abide by its Rules, Warner was wrongfully terminated and he has suffered harm, including lost earnings and other employment benefits, humiliation and embarrassment in an amount to be established at trial.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

127.   At all times relevant, Warner fulfilled his duties and conditions of his employment and was ready, willing and able to continue performing them in a competent and satisfactory manner.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

PLAINTIFF REQUESTS that this court enter judgment against County for the following relief:

1.   An award to Plaintiff of his lost earnings and lost benefits, including future earnings and future benefits in the amount he would have earned, with interest, from the date that his employment was terminated;

3.   An award to Plaintiff of compensatory damages sufficient to compensate him for his embarrassment and humiliation, and damage to his professional reputation;

4.   An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney's fees, and

5.   An award to Plaintiff of such other and additional legal and/or equitable relief to which he may be entitled.

**ANSWER**: These Defendants deny that Plaintiff is entitled to any of the requested relief.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

**COUNT IV – VIOLATION OF MICHIGAN CONSTITUTION, 1963 ART 1,**

**§17.**

128.  Plaintiff hereby incorporates all of the foregoing allegations.

**ANSWER**:  In answer to paragraph 128, these Defendants incorporate by reference their answers to paragraphs 1-127.

129.  The Michigan Constitution provides that shall be deprived of life, liberty or property, without due process of law.

**ANSWER**: These Defendants need not respond to the allegations of law stated in paragraph 129 and thereby leave Plaintiff to his proofs.

130.  The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney in depriving Warner of his constitutionally protected property interest and liberty interest as set forth herein abridge his right to due process of law in violation of the Michigan Constitution, 1963 Article 1, §17.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

131.  As a direct and proximate result of the actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney, as set forth herein Warner has suffered and will continue to suffer substantial damages, including, but not limited to, the loss of wages and other benefits he would have received as an employee of County.

**ANSWER**: These Defendants deny the allegations for the reason that they are untrue.

PLAINTIFF REQUESTS that this court enter judgment against Eisenbarth, Cross, S. Hughes, Scolnick, Engle, Nash, Lohman, Sabo, and Mahoney for the following relief:

1.   A declaratory judgment declaring that Defendants' actions in depriving Plaintiff of his constitutionally protected property interest in continued employment in violation of the Rules were unlawful and violative of the rights of Plaintiff under the Due Process Clause of the Michigan Constitution, 1963 Article 1, §17;

2.   An award to Plaintiff for lost earnings and lost benefits, including future earnings and future benefits in the amount he would have earned, with interest, from the date that his employment was terminated;

3.   An award to Plaintiff of compensatory damages sufficient to compensate him for his embarrassment and humiliation, and damage to his professional reputation;

4.   An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney's fees, and

5.   An award to Plaintiff of such other and additional legal and/or equitable relief to which he may be entitled.

WHEREFORE, Defendants respectfully request that this Honorable Court dismiss this Complaint and award these Defendants costs and attorney fees so wrongfully sustained by the necessity of defense.

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.


    /s/    Laura Bailey Brown
By:  Laura S. Amtsbuechler (P36972)
      Laura Bailey Brown (P79742)
Attorneys for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI  48331
(248) 489-4100/Fax: (248) 489-1726
lamtsbuechler@jrsjlaw.com
Dated:  December 28, 2016        lbrown@jrsjlaw.com

## AFFIRMATIVE DEFENSES

Defendants through their attorneys, Johnson, Rosati, Schultz & Joppich, P.C., and for their Affirmative Defenses state as follows:

A.    Defendants are entitled to a set-off from any collateral sources from which Plaintiff receives recovery.

B.    Plaintiff has failed to state a claim upon which relief can be granted.

C.    All individual Defendants are entitled to qualified immunity for the reason that their actions were taken with the good faith and objectively reasonable belief that they were lawful and within the bounds of the Constitution.

D.    Muskegon County does not have a custom, policy or practice that was the moving force behind the alleged violation of Plaintiff's constitutional rights.

E.    Plaintiff is not entitled to punitive damages as a matter of law.

F.    Plaintiff has failed to mitigate his damages.

G.     Any and all employment action taken regarding Plaintiff was taken for legitimate reasons and for cause as provided for in the Board Rules.

H.     The termination of Plaintiff's employment comports with the Board Rules, and declaratory relief is therefore improper.

I.     Plaintiff was afforded all procedures due under the law in his pre-termination and post-terminations hearings.

J.     Plaintiff is barred from maintaining this action by the doctrines of laches, waiver, release, estoppel, res judicata, and unclean hands.

K.     Plaintiff is not a member of a protected class.

L.     Notices of the meetings of the Board of Commissioners were posted as required by law.

M.     Plaintiff's claims are not ripe for review for the reason that he has not pursued his state court appeal remedy.

N.     Plaintiff failed to exhaust his administrative remedies.

O.     Plaintiff's state remedies are adequate.

P.     Defendants reserve the right to amend their Affirmative Defenses through trial.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

_____/s/_____Laura Bailey Brown_____
Laura Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@jrsjlaw.com
Dated: <u>December 28, 2016</u>          lbrown@jrsjlaw.com

## RELIANCE UPON JURY DEMAND

Defendants, through their attorneys, Johnson, Rosati, Schultz & Joppich, hereby relies upon Plaintiff's demand for a trial by jury in the above-entitled cause of action.

Respectfully submitted,

JOHNSON, ROSATI,
SCHULTZ & JOPPICH, P.C.

_____/s/_____Laura Bailey Brown_____
Laura Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
Attorney for Defendants
27555 Executive Drive, Suite 250
Farmington Hills, MI 48331
(248) 489-4100
lamtsbuechler@jrsjlaw.com
Dated: December 28, 2016    lbrown@jrsjlaw.com

PROOF OF SERVICE

The undersigned certifies that the foregoing was served upon all parties to the above cause to each of the attorneys/parties of record herein at their respective addresses disclosed on the pleadings on December 28, 2016.

BY: ☐ U.S. Mail   ☐ Telefacsimile
    ☐ Hand Delivered ☐ Overnight
                        courier
    ☐ Federal Express ☒ Other: *E-file*

Signature:  s/ Lori A. Gazdag