UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

| | |
|---|---|
| JOHN K. WARNER<br><br>   Plaintiff,<br><br>v<br><br>COUNTY OF MUSKEGON AND MARK EISENBARTH, BENJAMIN E. CROSS, SUSIE HUGHES, ROBERT SCOLNIK, MARVIN R. ENGLE,  CHARLES NASH, JEFF LOHMAN, TERRY J. SABO, and KENNETH MAHONEY, all in their individual capacities, and the MUSKEGON COUNTY BOARD OF COMMISSIONERS,<br><br>   Defendants. | CASE NO. 1:16-01307- CV<br><br>HON.  JANET T. NEFF<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRE-MOTION CONFERENCE REQUEST** |

Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
keven@shrr.com
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320

Laura S. Amtsbuechler (P36972)
Laura Bailey Brown (P79742)
JOHNSON, ROSATI, SCHULTZ & JOPPICH, P.C.
Attorneys for Defendants
lamtsbuechler@jrsjlaw.com;
lbrown@jrsjlaw.com
27555 Executive Dr., Ste 250
Farmington Hills, MI 48331
248-489-4100

**PLAINTIFF'S RESPONSE TO DEFENDANTS' PRE-MOTION CONFERENCE REQUEST**

  NOW COMES Plaintiff, John K. Warner, by and through his attorneys, SMITH HAUGHEY RICE & ROEGGE, and response to Defendants' Pre-Motion Conference Request follows:

  1. As a Director for the Muskegon County Department of Public Works ("County"), John K. Warner ("Warner") could only be terminated by the Muskegon County Board of Commissioners ("Board") following a full and complete hearing in accordance with the Rules of the Board ("Rules") adopted by the Board and published for the benefit of County employees, including Warner.

2. The Rules state that a director may be terminated only upon a finding by the Board that the director is incompetent to execute properly the duties of the office or, on charges and evidence, the Board is satisfied that the director is guilty of official misconduct or habitual or willful neglect of duty; and that the misconduct or neglect is a sufficient cause for removal.

3. Warner was terminated by Mark Eisenbarth ("Eisenbarth" also referred to herein as "Administrator") in violation of the Rules and was not given notice of the charges against him.

4. Warner was not advised by the County as to his alleged misconduct, or habitual or willful neglect of duties of his office leaving him with no notice of the charges against him.

5. Warner was not advised by the County as to his alleged behavior that was wrongful or that created a "hostile work environment" or who was allegedly subjected to a "hostile work environment."

6. Warner was not advised by the County as to any "actions" that were "contrary to the statutory authority and bylaws of the Muskegon County Solid Waste Planning Committee."

7. Notwithstanding the Board's published rules Warner was terminated without a full open and public hearing, without Warner's presence and he was denied due process as set forth in the complaint.

8. Warner was terminated under the color of state law and suffered a loss of his constitutionally protected interest in retaining his job.

9. Before depriving Warner of his constitutionally protected property interest in continued employment, Benjamin E. Cross ("Cross"), Susie Hughes ("Hughes"), Robert Scolnik ("Scolnik"), Marvin R. Engle ("Engle"), Charles Nash ("Nash"), Jeff Lohman ("Lohman"), Terry J. Sabo ("Sabo") and Kenneth Mahoney ("Mahoney") did not conduct a pre-termination hearing or otherwise afford Warner notice of the grounds for his termination, an explanation of the evidence against him and a meaningful opportunity to respond as required by the Rules.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

10. The actions and conduct of Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney as set forth in the complaint by failing to abide by the Rules and failing to conduct its hearing at an open meeting as required by law prevented Warner from having a meaningful due process hearing and an opportunity to clear his name.

11. The Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo and Mahoney all knew or should have known that the Administrator's actions in failing to abide by the Rules and failing to conduct a hearing at an open meeting as required by law prevented Warner from having a meaningful due process hearing and an opportunity to clear his name.

12. The Administrator's actions in failing to disclose evidence of circumstances and persons who were allegedly harassed by Warner rendered any hearing meaningless and constitute a deprival of a meaningful due process hearing and an opportunity for Warner to clear his name at an open public meeting.

13. Eisenbarth, Cross, S. Hughes, Scolnik, Engle, Nash, Lohman, Sabo, and Mahoney knew or should have known that the Administrator's actions in failing to disclose evidence of persons who were allegedly harassed by Warner rendered any hearing fundamentally unfair and deprived him of due process.

14. Reminiscent of the *Mary Surratt* trial the Board was advised by the very same attorneys who conducted the investigation into Warner's alleged conduct in express violation of Board's Rules and said actions deprived Warner of federal equal protection and due process rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and made actionable by 42 U.S.C. § 1983.

SMITH HAUGHEY RICE & ROEGGE, A Professional Corporation

DATED: January 12, 2017 /s/ Kevin B. Even
Kevin B. Even (P38599)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320
231-724-4330 (fax)
keven@shrr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2017 I filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Kevin B. Even
Kevin B. Even (P38599)
keven@shrr.com
Attorneys for Plaintiff
900 Third St., Ste 204
Muskegon, MI 49440
231-724-4320